UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00192-GNS

ADRIENNE HOWELL                                                                          PLAINTIFF

v.

FATHER MALONEY'S BOYS' HAVEN, INC., d/b/a
FATHER MALONEY'S BOYS & GIRLS HAVEN, et. al.                        DEFENDANTS

## **MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Remand (DN 10) and Defendants' Motion for Leave to File Sur-Reply (DN 16). For the reasons discussed below, the motions are **DENIED**.

### I.     **BACKGROUND**

This action arises from a sexual assault that Plaintiff Adrienne Howell ("Howell") allegedly experienced while working for Father Maloney's Boys & Girls Haven ("BGH")—a residential institution that provides treatment to at-risk youth. (Compl. ¶¶ 1-2, 10, DN 1-2). Specifically, the Complaint alleges that one of BGH's residents—R.B.L.—choked Howell unconscious and sodomized her while she was working in a secluded barn. (Compl. ¶¶ 20-23).

Howell filed a personal injury suit in Jefferson Circuit Court against several defendants, including: (i) BGH and its Chief Executive Officer, Jeff Hadley (collectively "BGH Defendants"), (ii) R.B.L., and (iii) the Kentucky Cabinet for Health and Family Services (the "Cabinet"), Scott

Brinkman ("Brinkman"), and Vickie Yates Brown Glisson ("Glisson")[1] (collectively "CHFS Defendants"). (Compl. ¶¶ 2-7, 34-86). Though the Complaint is somewhat unclear, it appears that Howell is suing the CHFS Defendants under 42 U.S.C. § 1983, claiming that they violated her due process rights and engaged in "arbitrary conduct" when they, *inter alia*, placed R.B.L. at BGH without properly vetting him and then subsequently failed to ensure that BGH had appropriate safety and security measures, thereby "creat[ing] the opportunity for and facilitat[ing] R.B.L.'s attack . . . ." (Compl. ¶¶ 36-42). Howell raises a similar claim against BGH Defendants on the theory that they are subject to the Fifth Amendment's due process clause because "the functions [they] perform[] are subsidized by public funds . . . ." (Compl. ¶¶ 43-54). Further, Howell seems to raise several common-law claims[2] based on BGH Defendants' alleged duty to protect her; within these claims, she cites KRS 342.610(4)—a workers' compensation statute that allows employees who suffer injuries due to their employer's deliberate acts to forego workers' compensation proceedings and bring a civil action instead. (Compl. ¶¶ 55-76). Finally, Howell asserts BGH Defendants are liable because R.B.L. assaulted her and subjected her to false imprisonment.[3] (Compl. ¶¶ 77-83).

CHFS Defendants subsequently removed the action to this Court. (*See* Notice Removal, DN 1). In support of removal, CHFS Defendants pointed out that the Complaint raised a federal question—thereby subjecting the case to this Court's removal jurisdiction—and noted that they

---

[1] Glisson is the Cabinet's former secretary, and Brinkman is the Cabinet's current secretary. (Compl. ¶ 6).
[2] The Court is unable to discern from the face of the Complaint: (1) which common-law tort, if any, Plaintiff relies on in asserting Counts 2 and 3, and (2) whether Counts 2 and 3 are distinct.
[3] Though the Complaint names R.B.L. as a defendant, it does not appear that Plaintiff has pleaded a cause of action against him.

had obtained consent for removal from all defendants "to have been served properly with process . . . ." (Notice Removal 1-2).

Upon removing the case to this Court, CHFS Defendants moved to dismiss the Complaint. (Mem. Supp. Joint Mot. Dismiss Compl., DN 4-1 [hereinafter CHFS Defs.' Mot. Dismiss]). In their motion, CHFS Defendants argue, *inter alia*, that Plaintiff's claims against them must be dismissed because—since CHFS Defendants are entitled to Eleventh Amendment immunity—this Court lacks jurisdiction to review that claim. (CHFS Defs.' Mot. Dismiss 7-10).

Thereafter Plaintiff moved to remand this matter to state court. (Pl.'s Mot. Remand, DN 10). Defendants also moved for leave to file a sur-reply. (Defs.' Mot. Leave File Sur-Reply, DN 16). The motions are ripe for adjudication.[4]

## II. JURISDICTION

This action arises under the laws of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## III. DISCUSSION

### A. Plaintiff's Motion to Remand (DN 10)

Howell raises several arguments in support of her motion, each of which can be sorted into one of three categories. First, Plaintiff raises two arguments regarding whether this Court has jurisdiction over the case. (Pl.'s Mot. Remand 3-6). Second, Plaintiff argues that remand is warranted due to four distinct defects in the procedure CHFS Defendants used to remove the case warrant remand. (Pl.'s Mot. Remand 6-7). Finally, Plaintiff claims that this Court has the discretion to decline to exercise jurisdiction over the case and that, pursuant to principles of judicial

---

[4] CHFS Defendants' Motion to Dismiss is not yet ripe because this Court stayed proceedings regarding that motion until this Court's resolution of the pending motion. (*See* Order, DN 17).

3

economy and comity, this Court should abstain from exercising jurisdiction. (Pl.'s Mot. Remand 7-9). Each argument is addressed below.

### 1. *Jurisdictional Defects*

Howell contends that a case is removable to federal court 28 U.S.C. § 1441(a) only if the federal court has original jurisdiction over it. Further, she posts since that CHFS Defendants are entitled to Eleventh Amendment immunity as to the claims against them and that the Eleventh Amendment deprives this Court of jurisdiction over those claims, the Court lacks original jurisdiction over Plaintiff's case.[5] (Pl.'s Mot. Remand 3-5). The Supreme Court has held, however, that a case is removable even if it contains claims that are barred by the Eleventh Amendment. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 392-93 (1998) ("A State's proper assertion of an Eleventh Amendment bar after removal means that the federal court cannot hear the barred claim. But that circumstance does not destroy removal jurisdiction over the remaining claims . . . ."). Thus, CHFS Defendants' entitlement to Eleventh Amendment immunity, if any, does not destroy removal jurisdiction and is not a basis for remand.

Plaintiff also argues that this case was not removable under 28 U.S.C. § 1445(c) because she has asserted claims under the Kentucky Workers' Compensation Act (the "Act"). (Pl.'s Mot. Remand 5-6). Though unclear, Plaintiff presumably asserts that Counts 2 and 3 arise under the workers' compensation statute because both of those counts cite to KRS 342.610(4), a provision contained in the Act. (*See* Compl. ¶¶ 60, 74).

---

[5] The Eleventh Amendment states that the "[j]udicial power of the United States shall not be construed to extend to any suit . . . commenced or prosecuted against one of the . . . States" by citizens of another State or by its own citizens. *See* U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).

While 28 U.S.C. § 1445(c) provides that a civil action arising under a state's workers' compensation laws is nonremovable, none of Howell's claims arise under the Act. The only provision of the Act cited is KRS 342.610(4), which states that—rather than being limited to a workers' compensation proceeding—an employee may bring a civil action against her employer if her employer deliberately causes the employee's injury. *See Meade v. Arnold*, 643 F. Supp. 2d 913, 917 (E.D. Ky. 2009) (interpreting KRS 342.610(4)). It is apparent that Howell's claims do not arise under the Act. To the contrary, KRS 342.610(4) carves an exception to the Act, allowing Howell's common-law claim to proceed outside the Act's general prohibition upon tort claims by an injured worker against her employer. When the cause of action arises under common law rather than a state's workers' compensation statute, federal courts have jurisdiction to hear that claim, and Plaintiff has failed to direct the Court to any contrary authority. *See, e.g., Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 127 (4th Cir. 1995) (concluding that "'deliberate intention' claim has always been considered a creature of the common law" because such claims preserve a common-law right to bring a civil action); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725-26 (7th Cir. 1994) (holding that the tort of retaliatory discharge arose under the state's common law rather than its workers' compensation law); *Thornton v. Denny's Inc.*, No. 92-1368, 992 F.2d 1217, 1993 WL 137078, at *2 (6th Cir. 1993) (concluding that retaliation claim arose under state common law rather than its workers' compensation law). Insofar as Howell has alleged a claim under KRS 342.610(4), that cause of action does not arise under the Act, and 28 U.S.C. § 1445(c)'s prohibition on the removal of workers' compensation claims is inapplicable. Plaintiff's jurisdictional arguments therefore fail.

**2.     *Procedural Defects***

Plaintiff also challenges the removal on procedural grounds based on defects in CHFS Defendants' Notice of Removal.  (Pl.'s Mot. Remand. 6-7).  First, Plaintiff claims that CHFS Defendants did not provide BGH Defendants' and R.B.L.'s *written* consent to removal, and that, in any event, BGH Defendants waived their ability to consent to removal when they filed a motion to dismiss in Jefferson Circuit Court.  (Pl.'s Mot. Remand 6).  The fact that BGH Defendants' and R.B.L.'s written consent was not filed with the Notice of Removal is of no consequence.  Though 28 U.S.C. § 1446 requires a removing defendant to obtain the consent of all other defendants prior to removal, the Sixth Circuit has held that the consent requirement is satisfied if the removing defendant represents in the notice of removal that the other defendants have consented to removal—regardless whether the other defendants have "submit[ted] a pleading, written motion, or other paper directly expressing that [they] concur[]" with the removal.  *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).  Here, CHFS Defendants represented in their removal petition that "[c]onsent for removal ha[d] been obtained from all named defendants . . . to have been served properly with process . . . ."  (Notice Removal 2).  This clearly satisfies the requirements of 28 U.S.C. § 1446 as interpreted by *Harper*.  *See id.* at 201-02.

Second, Plaintiff asserts that the removal notice is defective because it failed to include copies of the process served as required by 28 U.S.C. § 1446(a).  (Pl.'s Mot. Remand 7).  This contention is similarly unavailing.  Though 28 U.S.C. § 1446(a) requires a removing defendant to attach "a copy of all process, pleadings, and orders served upon such defendant or other defendants in such action," the Sixth Circuit has concluded that technical non-compliance with this provision does not warrant remand unless the non-compliance prejudices the plaintiff.  *See Griffin v. JPMorgan Chase Bank, N.A.*, 595 F. App'x 473, 474 (6th Cir. 2014) (holding that district court

6

did not err in denying a motion to remand when plaintiffs did not explain how defendant's failure to attach certain documents to the notice of removal prejudiced them). In this instance, Howell has neither identified which documents, if any, CHFS Defendants failed to attach to their removal petition, nor has she explained how she has been prejudiced by CHFS Defendants' alleged non-compliance with 28 U.S.C. § 1446(a). As a result, assuming CHFS Defendants failed to comply with that provision, their non-compliance does not warrant remand.

Third, Plaintiff contends that she properly served R.B.L., but that he did not consent to removal prior to the date on which CHFS Defendants filed the Notice of Removal. (Pl.'s Mot. Remand. 6-7). This argument misses the mark. As an initial matter, it is uncertain whether Howell properly served R.B.L. Kentucky Rule of Civil Procedure ("CR") 4.04(3) states that a plaintiff must serve a minor "by serving his resident guardian or committee if there is one . . . or, if none, by serving either his father or mother within this state or, if none, by serving the person within this state having control" over the minor. Plaintiff, however, has not submitted any judicial order or other document showing that DCBS (or anyone, for that matter) was appointed as Plaintiff's resident guardian. In the absence of such appointment, Plaintiff was required to serve R.B.L.'s mother or father on his behalf.[6] *See* CR 4.04. Since Howell has not shown that she successfully served R.B.L.'s mother or father, consent from either parent was not necessary. *See* 28 U.S.C. § 1446(b)(2)(A). On the other hand, assuming that DCBS *was* R.B.L.'s resident guardian or could otherwise accept service on his behalf, the record demonstrates that CHFS Defendants did obtain consent from DCBS to remove this case prior to the date on which CHFS Defendants filed their

---

[6] Apparently aware of her obligation to serve R.B.L.'s parents on his behalf, Plaintiff attempted—albeit unsuccessfully—to serve R.B.L.'s mother. (*See* Defs.' Resp. Mot. Remand 2, DN 14).

7

petition for removal.[7] (Defs.' Resp. Mot. Remand Ex. A, DN 14-1). Thus, if DCBS could accept service on R.B.L.'s behalf, R.B.L. consented to removal; if DCBS could not accept such service, R.B.L.'s consent was unnecessary. Either way, remand is not warranted.

### 3. *Policy Arguments*

Lastly, Plaintiff raises two policy arguments, both of which she claims necessitate remand. First, she asserts that this Court should decline to exercise supplemental jurisdiction over her state law claims pursuant to 28 U.S.C. § 1367(c)(1), (2) because: (1) her case presents complex issues of state law, and (2) her state law claims predominate over the federal claims. (Pl.'s Mot. Remand 7-8). Second, she argues that this Court should abstain from exercising jurisdiction pursuant to the Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971).

These arguments fail. First, Section 1367(c) states that a district court may use its discretion to decline to exercise supplemental jurisdiction over state law claims when, *inter alia*, the state claims: (1) raise novel or complex issues of state law, or (2) "substantially predominate[]" the federal claims. Contrary to Plaintiff's position, however, her case does not present complex issues of state law; at most, it presents the question whether BGH Defendants intentionally and deliberately subjected her to harm, thereby giving rise to her claim against her employer. This Court, and federal courts generally, frequently address claims that require analysis of an actor's state of mind; thus, this Court is well-equipped to assess Plaintiff's allegations. Further, Howell has not shown that the state claims "could lead to jury confusion, judicial inefficiency, inconvenience to the parties, [or] an unfair outcome." *Sanford v. Detroit Pub. Schs.*, No. 14-11771,

---

[7] Plaintiff argues that DCBS should not be allowed to consent to removal on R.B.L.'s behalf because a conflict of interest exists insofar as DCBS—a state agency—is consenting to removal sought by another state entity and certain state employees. Regardless, if DCBS is R.B.L.'s resident guardian, it would be responsible for making legal decisions on his behalf. *See* KRS 387.010(3), 387.065.

8

2014 WL 1922722, at *3 (E.D. Mich. May 14, 2014) (noting circumstances in which state claims "substantially predominate" over federal claims). As a result, it does not appear that the state claims predominate the federal ones.[8]

Second, the abstention doctrine announced in *Younger* is inapplicable in this case. As the Sixth Circuit has explained:

> *Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity. The Supreme Court later clarified that *Younger* abstention can apply to cases that are not criminal prosecutions but noted that such applications are narrow and exist only in a few exceptional circumstances. Regarding the situations to which *Younger* applies, first, *Younger* permits abstention when there is an ongoing state criminal prosecution. Next, *Younger* precludes federal involvement in certain civil enforcement proceedings. These are proceedings that "are akin to criminal prosecutions." Finally, *Younger* pertains to "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," such as contempt orders.

*Doe v. Univ. of Ky.*, 860 F.3d 365, 368-69 (6th Cir. 2017) (internal citations omitted) (citation omitted). Plaintiff has presented nothing to indicate any ongoing state prosecution or other actions pending against R.B.L., much less demonstrated any interference with such state proceeding by the present case. It does not appear, however, that any of the circumstances to which the *Younger* doctrine applies is present in this case. Because the *Younger* doctrine does not apply, the Court will exercise jurisdiction over Plaintiff's state law claims.

B. **Defendants' Motion for Leave to File Sur-Reply (DN 16)**

Defendants have moved for leave to file a sur-reply to address the case law addressed in Plaintiff's reply. (Defs.' Mot. Leave File Sur-Reply 1). Sur-replies are not permitted by the

---

[8] In fact, given that Count 1 (Section 1983 claim against CHFS Defendants and BGH Defendants) is similar to the KRS 342.610(4) claims in Counts 2 and 3, it would be a waste judicial resources to force the parties to litigate these claims in separate forums. *See Swartz Ambulance Serv., Inc. v. Genesee Cty.*, No. 08-11448, 2008 WL 2914981, at *4 (E.D. Mich. July 25, 2008) (exercising jurisdiction over allegedly novel state law claim when claim was parallel to federal claim).

Federal Rules of Civil Procedure or the Court's local rules. "As many courts have noted, '[s]ur-replies . . . are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (quoting *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 691 n.4 (S.D. Tex. 2006)). Because sur-replies are highly disfavored and it unnecessary for the Court to consider the sur-reply in ruling on Plaintiff's Motion to Remand, the motion will be denied.

## IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (DN 10) is **DENIED**. In accordance with the Court's prior order (DN 17), Plaintiff have up to thirty (30) days from the entry of this order to file a response to Defendants' Motion to Dismiss (DN 4), and Defendants may file a reply within fourteen (14) days following the filing of the response.

2. Defendants' Motion for Leave to File Sur-Reply (DN 16) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 22, 2018

cc: counsel of record