UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-CV-00192-GNS

ADRIENNE HOWELL                 PLAINTIFF

v.

FATHER MALONEY'S BOYS' HAVEN, INC., d/b/a
FATHER MALONEY'S BOYS & GIRLS HAVEN, et. al.    DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Defendants' Motions to Dismiss (DN 1-8, 4), and Plaintiff's Motion for Leave to Amend Complaint (DN 24). The motions are ripe for adjudication. For the reasons discussed below, Plaintiff's Motion for Leave to Amend Complaint (DN 24) is **GRANTED IN PART** and **DENIED IN PART**, and Defendants' Motions to Dismiss are **DENIED AT MOOT**.

### I. BACKGROUND

This action arises from a sexual assault that Plaintiff Adrienne Howell ("Howell") allegedly experienced while working for Father Maloney's Boys & Girls Haven ("BGH")—a residential institution that provides treatment to at-risk youth. (Compl. ¶¶ 1-2, 10, DN 1-2; Am. Compl. ¶¶ 1-2, DN 24-3). Specifically, the Complaint alleges that one of BGH's residents—R.B.L.—choked Howell unconscious and sodomized her while she was working in a secluded barn on the BGH campus. (Compl. ¶¶ 20-23; Am. Compl. ¶¶ 19-21).

Howell filed a personal injury suit in Jefferson Circuit Court against several defendants, including: (i) BGH and its Chief Executive Officer, Jeff Hadley (collectively "BGH Defendants"),

(ii) R.B.L., and (iii) the Kentucky Cabinet for Health and Family Services (the "Cabinet"), Scott Brinkman ("Brinkman"), and Vickie Yates Brown Glisson ("Glisson")[1] (collectively "CHFS Defendants"). (Compl. ¶¶ 2-7, 34-86). In the Complaint, Howell asserted claims against the CHFS Defendants and BGH Defendants under 42 U.S.C. § 1983. (Compl. ¶¶ 36-54). Further, Howell sets forth several state-law claims against BGH Defendants. (Compl. ¶¶ 55-83). Finally, Howell asserts BGH Defendants are liable because R.B.L. assaulted her and subjected her to false imprisonment.[2] (Compl. ¶¶ 77-83).

BGH Defendants moved to dismiss the claims asserted against them in the Complaint. (Defs.' Mot. Dismiss, DN 1-8). CHFS Defendants then removed the action to this Court. (*See* Notice Removal, DN 1). In support of removal, CHFS Defendants pointed out that the Complaint raised a federal question—thereby subjecting the case to this Court's removal jurisdiction—and noted that they had obtained consent for removal from all defendants "to have been served properly with process . . . ." (Notice Removal 1-2).

After removing the case to this Court, CHFS Defendants also moved to dismiss the Complaint. (Def.'s Mot. Dismiss, DN 4). Plaintiff moved to remand this matter to state court, and the Court postponed ruling on Defendants' motions until after addressing whether to remand this case. The Court subsequently denied Plaintiff's motion to remand. (Mem. Op. & Order, DN 21). Plaintiff then moved for leave amend the Complaint. (Pl.'s Mot. Leave Amend, DN 24). Defendants' motions to dismiss and Plaintiff's motion to amend are now ripe.

---

[1] Glisson is the Cabinet's former secretary, and Brinkman is the Cabinet's current secretary. (Compl. ¶ 6).

[2] Although the original Complaint names R.B.L. as a defendant, it does not appear that Howell asserted a cause of action against him or that R.B.L. was ever served in this action.

## II.    JURISDICTION

This action arises under the laws of the United States, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## III.    DISCUSSION

### A.    Plaintiff's Motion for Leave to Amend Complaint (DN 24)

Howell moves for leave to amend the Complaint. In support of her motion, she asserts that the motion was necessitated by the Court's denial of her motion to remand. (Pl.'s Mem. Supp. Mot. Leave Am. Compl. 3, DN 24-1). In the motion, Howell seeks to amend the Complaint to: (i) drop her claims against CHFS due to the Court's ruling on the Eleventh Amendment defense and against Brinkman because he was not Secretary of CHFS at the time of the sexual assault; (ii) correct some of allegations to Counts IV and V of the Complaint; (iii) update the Complaint to reflect the guilty plea entered by R.B.L. related to the criminal charges arising from the sexual assault; and (iv) provide clarification to Count I(A) and (B).[3] (Pl.'s Mem. Supp. Mot. Leave Am. Compl. 3-4). While CHFS Defendants oppose the motion, neither BGH Defendants nor R.B.L. filed a response. (Defs.' Resp. Pl.'s Mot. Leave Am. Compl., DN 26).

A motion for leave to file an amended complaint is governed by Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." A district court should freely grant a plaintiff leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a district court may deny

---

[3] In the Amended Complaint, Count I purports to assert a claim under 42 U.S.C. § 1983 against Glisson and BGH Defendants. (Am. Compl. ¶¶ 32-54). Counts II and III assert claims against BGH Defendants only. (Am. Compl. ¶¶ 55-76). Count IV and V assert claims against R.B.L. Finally, Count VI seeks exemplary or punitive damages against Glisson and BGH Defendants under state law. (Am. Comp. ¶¶ 84-86). A claim for punitive damages under Kentucky law, however, is not a separate cause of action but rather a remedy available for a claim. *See Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378-79 (W.D. Ky. 2012) (citation omitted).

a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

 1. *Glisson*

In the Amended Complaint, Howell asserts in Count I a claim against Glisson in both her official and individual capacities under 42 U.S.C. § 1983. (Am. Compl. ¶¶ 32-42). Howell contends that Glisson had a duty to protect children at BGH, to ensure that they are properly housed, and to ensure the safety of all staff members interacting with those children. (Am. Comp. ¶¶ 36-37).

Based on the Court's review of the Amended Complaint, Howell has not alleged any facts that Glisson was personally involved in any decisions related to R.B.L. or to staff safety at BGH. Rather, Howell makes only generalized allegations that Glisson was the Secretary of CHFS and is

therefore responsible for all activities carried out within the cabinet's authority, including the safety of all employees. (Am. Comp. ¶¶ 35-36). Howell has not detailed any personal information that Glisson had or alleged any facts supporting the inference that Glisson had dealings with R.B.L. or Howell or was acquainted with them in any shape, form, or fashion.

Under *Iqbal* and *Twombly*, a plaintiff is required to plead facts that allow the Court to draw a reasonable inference that a defendant is liable for the alleged misconduct. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). It is proper for this Court to dismiss a complaint when a plaintiff fails to "allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Id.* at 596-97 (internal quotation marks omitted) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

Here, the Court can take judicial notice that CHFS has thousand of employees and contractors with numerous departments, which in turn are headed by a commissioner. *See* Commonwealth of Kentucky, Organizational Chart for Cabinet for Health and Family Services, https://personnel.ky.gov/DHRAOrgCharts/OC-53.pdf. (last visited Mar. 25, 2019). It is not only implausible, but in fact unrealistic to suggest that a cabinet secretary is personally responsible— i.e., personally involved in—the detailed management of actions taken by all employees in every department operating under CHFS.

The Court must then consider the capacities in which Glisson has been sued in this action. First, the Amended Complaint purports to assert claims against Glisson in her official capacity. (Am. Compl. ¶ 4). As the Supreme Court has explained:

> Official-capacity suits . . . "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government

> entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal citations omitted). Thus, the claim asserted against Glisson in her official capacity is a claim against CHFS. As Howell recognized in her motion to amend, however, claims against CHFS are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.'" (internal citations omitted) (citations omitted)). Accordingly, the claims asserted against Glisson in her official capacity are futile, and the Court will deny the motion to amend as to these claims.

In contrast to official-capacity claims, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165. "In a lawsuit against a government official . . . , 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A government official may only be held liable for his or her own individual acts of misconduct.'" *Jackson v. Murray State Univ.*, 834 F. Supp. 2d 609, 614 (W.D. Ky. 2011) (citation omitted).

With regard to the allegations in the Amended Complaint, *Iqbal* and *Twombly* require allegations of facts that plausibly could support a claim for relief for which Glisson could be personally accountable. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)).

In the context of Howell's injury, she must plead specific facts plausibly indicating that Glisson was personally involved in the decisions or actions which exposed Howell to the danger by R.B.L.  It would seem far from plausible—in fact, farfetched—that Glisson had some active role in the assignment of R.B.L. to BGH, the direct management of BGH, or the circumstances which exposed Howell to an attack by a resident of BGH, R.B.L.  There is no allegation or suggestion that Glisson had any actual acquaintance with Howell or R.B.L. or was personally involved with any facet of BGH.  The only allegations of fact are those that would support claims of vicarious liability, which does not exist in this context.  *See Iqbal*, 556 U.S. at 676; *Robertson v. Sichel*, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances or negligences or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."  (citation omitted)).  Absent some allegation that Glisson had some involvement in the operation of BGH or the attack by R.B.L., Plaintiff's Amended Complaint does not plead facts plausibly stating a claim against Glisson in her individual capacity.

Thus, to the extent the Amended Complaint purports to assert a 42 U.S.C. § 1983 claim against Glisson, the Amended Complaint fails to state a claim.  The motion to amend will be denied because the claims against Glisson are futile.

   2.   ***BGH Defendants***

BGH Defendants have not responded to Howell's motion.  Accordingly, the Court will grant the motion to allow Howell to amend her claims against those Defendants.  *See* LR 7.1(c) ("Failure to timely respond to a motion may be grounds for granting the motion.").

### B. Defendants' Motions to Dismiss (DN 1-8, 4)

The other ripe motion is Defendants' Motions to Dismiss (DN 1-8, 4). Because the Amended Complaint subsumes the allegations in the original Complaint, the Court will deny these motions as moot. *See Herran Props., LLC v. Lyon Cty. Fiscal Court*, No. 5:17-CV-00107-GNS, 2017 WL 6377984, at *2 (citing *Cedar View, Ltd. v. Colpetzer*, No. 5:05-CV-00782, 2006 WL 456482, at *5 (N.D. Ohio Feb. 24, 2006)); *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

### IV. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend Complaint (DN 24) is **GRANTED IN PART** and **DENIED IN PART**. The Clerk shall file the Amended Complaint (DN 24-4) but: (i) terminate Defendants Commonwealth of Kentucky Cabinet for Health & Family Services and Scott Brinkman as parties to this action because Plaintiff has voluntarily dismissed all claims against those Defendants; and (ii) terminate Defendant Vicky Yates Brown Glisson as a party to this action because the claims asserted against her in the Amended Complaint are futile.

2. Defendants' Motions to Dismiss (DN 1-8, 4) are **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

March 25, 2019

cc: counsel of record